**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLAND DIVISION**

| | |
|---|---|
| SHANA GUDGEL, on Behalf of Herself and All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  vs.<br>REYNOLDS CONSUMER PRODUCTS, INC. & REYNOLDS CONSUMER PRODUCTS, LLC,<br><br>  Defendants. | **CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Shana Gudgel ("Plaintiff"), by and through her attorneys, brings this action on behalf of herself and all others similarly situated against Reynolds Consumer Products, Inc. & Reynolds Consumer Products, LLC ("Defendants" or "Reynolds"). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), as the amount in controversy exceeds $5 million, exclusive of interests and costs; it is a class action of over 100 members; and the Plaintiff is a citizen of a state different from at least one Defendant.

2. This Court has personal jurisdiction over Defendant. Defendants have sufficient minimum contacts with the state of Florida and purposefully availed itself, and continues to avail itself, of the jurisdiction of this Florida through the privilege of conducting its business ventures in the state

1

of Florida, thus rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.

3. Venue is proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, as Defendants do business throughout this district, and Plaintiff made her purchase of Defendants' Hefty Recycling Trash Bags in Titusville, Florida from a Walmart in this district and her purchased Hefty Recycle Trash Bags was delivered to, and used, in this district.

## THE PARTIES

4. Plaintiff Shana Gudgel is a natural person and a citizen of Brevard County, Florida, residing in Titusville. Plaintiff purchased the Hefty Recycling Trash Bags from a local Walmart. Prior to her purchase, Plaintiff saw and reviewed Defendants' advertising claims on the packaging and labeling itself, and she made her purchase of the trash bags in reliance thereon. Plaintiff specifically relied upon representations made by Defendant that its Hefty Recycling bags were suitable for recycling. Plaintiff did not receive the promised benefits or receive the full value of her purchase.

5. Defendant Reynolds Consumer Products, Inc. is a publicly traded corporation organized and existing under the laws of the state of Delaware, with its principal place of business located in Lake Forest, Illinois. It is the parent company of Defendant Reynolds Consumer Products, LLC.

6. Defendant Reynolds Consumer Products, LLC is a company organized and existing under the laws of the state of Delaware, with its principal place of business located in Lake Forest, Illinois. It is a wholly-owned subsidiary of Reynolds Consumer Products, Inc., and owns the "Hefty" trademark.

7. Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendants who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

**FACTUAL ALLEGATIONS**

8. The Hefty "Recycling" bags are sold in 13- and 30-gallon sizes. Both sizes are sold in packaging depicted below. The illustration depicts the front of a typical box of Hefty Recycling Bags.



9. Defendants place the prominent representation "RECYCLING" on the front label of the Hefty "Recycling" trash bags with a green background and white font. Next to the representation, Defendants include images of the Hefty "Recycling" trash bags filled with recyclable waste.



10. The back of the package (pictured above) states: "HEFTY RECYCLING BAGS ARE PERFECT FOR ALL YOUR RECYCLING NEEDS."

11. The back label also states: "DESIGNED TO HANDLE ALL TYPES OF RECYCLABLES" and "TRANSPARENT FOR QUICK SORTING AND CURBSIDE IDENTIFICATION." A graphic of a blue recycling truck is included, with the "chasing arrows" recycling symbol prominently displayed on its side.

12. Defendants' website provided additional representations about the suitability of the Hefty "Recycling" trash bags for recycling, stating that they "[r]educe your environmental impact" and are "designed to handle your heaviest recycling jobs." Defendants add, "[t]hese transparent bags make it easy to sort your recyclables and avoid the landfill:"

# HEFTY® RECYCLING BAGS

Reduce your environmental impact with Hefty® Recycling bags designed to handle your heaviest recycling jobs. Available in 13 and 30 gallon sizes and ideal for daily use or seasonal cleaning, these transparent bags make it easy to sort your recyclables and avoid the landfill.

- Arm & Hammer™ patented odor neutralizer*

- Transparent clear or blue option for easy sorting
- Designed to handle all types of recyclables

**BUY NOW**

## Sizes Available

- 13 gal
- 30 gal

## Colors Available

- Clear transparent
- Blue transparent

13. Defendants sold the Hefty "Recycling" trash bags on their website with images demonstrating how to use the bags:







14. Defendants also sold the Hefty "Recycling" trash bags to consumers along with a video advertisement showing that the bags should be put in the recycle bin with other recyclables.

15. Under Florida Statute 403.703 "Recyclable material" means those materials that are capable of being recycled and that would otherwise be processed or disposed of as solid waste and

6

"Recycling" means any process by which solid waste, or materials that would otherwise become solid waste, are collected, separated, or processed and reused or returned to use in the form of raw materials or intermediate or final products. Such raw materials or intermediate or final products include, but are not limited to, crude oil, fuels, and fuel substitutes.

16. Despite Defendants' representations, the Hefty "Recycling" trash bags are not recyclable at Florida solid waste disposal facilities and are not suitable for the disposal of recyclable products at solid waste disposal facilities.

17. Hefty "Recycling" trash bags are made from low-density polyethylene and are not recyclable at Florida's solid waste disposal facilities.

18. When Hefty "Recycling" trash bags are delivered by waste haulers to a Florida solid waste disposal facility the bags and all of the otherwise recyclable items contained within them are not delivered to a recycling facility but are treated as regular solid waste materials.

19. Florida's waste disposal facilities do not recycle either Hefty "Recycling" trash bags or the recyclable materials contained in them.

20. The otherwise recyclable items (like cardboard, glass, aluminum, etc.) placed into Hefty "Recycling" trash bags by Florida consumers who are trying to recycle those items ultimately end up in landfills or incinerators and are not recycled.

## CLASS ACTION ALLEGATIONS

21. **Class Definition:** Plaintiff brings this class action on behalf of herself, and as a class action on behalf of the following putative class members (the "Class"):

**Florida Class:**

All individual residents of the State of Florida who purchased the Hefty Recycle Trash Bags through the date of class certification. Excluded from the Class are: (1) Defendant

7

and all directors, officers, employees, partners, principals, shareholders, and agents of Defendant; (2) Any currently sitting United States District Court Judge or Justice, and the current spouse and all other persons within the third-degree of consanguinity to such judge/justice; and (3) Class Counsel.

22. Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicates that the Class definitions should be narrowed, expanded, or otherwise modified.

23. **Numerosity and Ascertainability:** Plaintiff does not know the exact number of members of the putative classes. Due to Plaintiff's initial investigation, however, Plaintiff is informed and believes that the total number of Class members is at least in the tens of thousands, and that members of the Class are numerous and geographically dispersed throughout Florida. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery, including Defendants' records, either manually or through computerized searches.

24. **Typicality and Adequacy:** Plaintiff's claims are typical of those of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests that are antagonistic to those of the proposed Class. Plaintiff has retained counsel competent and experienced in the prosecution of this type of litigation.

25. **Commonality:** The questions of law and fact common to the Class members, some of which are set out below, predominate over any questions affecting only individual Class members:

    a. whether Defendant committed the conduct alleged herein;

    b. whether Defendants' conduct constitutes the violations of laws alleged herein;

c. whether Defendants' labeling, sale and advertising set herein are unlawful, untrue, or are misleading, or reasonably likely to deceive;

d. whether the Hefty Recycle Trash Bags are adulterated and/or misbranded under the Florida Health & Safety Code or federal law;

e. whether Defendant knew or should have known that the representations were false or misleading;

f. whether Defendant knowingly concealed or misrepresented material facts for the purpose of inducing consumers into spending money on the Hefty Recycle Trash Bags;

g. whether Defendants' representations, concealments and non-disclosures concerning the Hefty Recycle Trash Bags are likely to deceive the consumer;

h. whether Defendants' representations, concealments and non-disclosures concerning the Hefty Recycle Trash Bags violate FDUTPA and/or the common law;

i. whether Defendant should be permanently enjoined from making the claims at issue; and

j. whether Plaintiff and the Class are entitled to restitution and damages.

26. **Predominance and Superiority:** Common questions, some of which are set out above, predominate over any questions affecting only individual Class members. A class action is the superior method for the fair and just adjudication of this controversy. The expense and burden of individual suits makes it impossible and impracticable for members of the proposed Class to prosecute their claims individually and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment

of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a. given the complexity of issues involved in this action and the expense of litigating the claims, few, if any, Class members could afford to seek legal redress individually for the wrongs that Defendant committed against them, and absent Class members have no substantial interest in individually controlling the prosecution of individual actions;

b. when Defendants' liability has been adjudicated, claims of all Class members can be determined by the Court;

c. this action will cause an orderly and expeditious administration of the Class claims and foster economies of time, effort and expense, and ensure uniformity of decisions; and

d. without a class action, many Class members would continue to suffer injury, and Defendants' violations of law will continue without redress while Defendant continues to reap and retain the substantial proceeds of their wrongful conduct.

27. **Manageability:** The trial and litigation of Plaintiff's and the proposed Class claims are manageable. Defendant has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief and declaratory relief with respect to the Class as a whole.

## COUNT I

**For Violations of Florida's Deceptive**

**and Unfair Trade Practices Act,**

**Fla. Stat. 501.201 et seq.**

28. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1-20 above as if fully set forth herein.

29. Plaintiff brings this claim on her own behalf and on behalf of each member of the Florida Class.

30. Defendant violated and continues to violate Florida's Deceptive and Unfair Trade Practices Act by engaging in unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of their business.

31. The material misstatements and omissions alleged herein constitute deceptive and unfair trade practices, in that they were intended to and did deceive Plaintiff and the general public into believing that Hefty Recycle Trash Bags were suitable for recycling.

32. Plaintiff and Class members relied upon these advertisements in deciding to purchase the Hefty Recycle Trash Bags product.  Plaintiff's reliance was reasonable because of Defendants' reputation as a reliable company.

33. Had Plaintiff known that the Hefty Recycle Trash Bags product was not as advertised, she would not have purchased the product. As a result of Defendants' deceptive and unfair acts, Plaintiff and Class members have been damaged.

34. Defendants' conduct offends established public policy, and is immoral, unethical, oppressive, and unscrupulous to consumers.

35. Plaintiff and Class members are entitled to damages in an amount to be proven at trial.

36. Defendant should also be ordered to cease its deceptive advertising and should be made to engage in a corrective advertising campaign to inform consumers that its Hefty Recycle Trash Bags are not suitable for recycling.

**COUNT II**

## For False and Misleading Advertising,

## Fla. Stat. § 817.41

37. Plaintiff re-alleges and incorporates by reference the allegations of in the above-referenced paragraphs 1-20 of the Complaint as if fully set forth herein.

38. Plaintiff brings this claim on her own behalf and on behalf of each member of the Florida Class.

39. On their website, in print advertisements, and in other forms of advertisements, Defendants made numerous misrepresentations of material fact regarding the quality of the Hefty Recycle Trash Bags product.

40. Defendants knew that these statements were false.

41. Defendants intended for consumers to rely on its false statements for the purpose of selling the Hefty Recycle Trash Bags product.

42. Plaintiff and Class members did in fact rely upon these statements. Reliance was reasonable and justified because of Defendants' reputation as a reliable company.

43. As a result of Defendants' misrepresentations, Plaintiff and Class members suffered damages in the amount paid for the Hefty Recycle Trash Bags.

44. Plaintiff and Class members are entitled to damages and injunctive relief as set forth above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Court:

a. Certify this action as a class action;

b. Award compensatory, statutory, and punitive damages as to all Counts where such relief is permitted by law;

c.	Enjoin Defendants' conduct and order Defendant to engage in a corrective advertising and labeling/disclosure campaign;

d.	Award equitable monetary relief, including restitution;

e.	Award pre-judgment and post-judgment interest at the legal rate;

f.	Award Plaintiff and Class members the costs of this action, including reasonable attorneys' fees and expenses; and

g.	Award such other and further legal and equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED:  July 2, 2022

    s/William C. Wright
WILLIAM WRIGHT
The Wright Law Office, P.A.
FL BAR NO. 138861
515 N. Flagler Drive
Suite P-300
West Palm Beach, FL 33410
Telephone: (561) 514-0904
willwright@wrightlawoffice.com

DANIEL FAHERTY
Telfer, Faherty, & Anderson, PL
FL BAR NO. 379697
815 S. Washington Avenue
Suite 201
Titusville, FL 32780
Telephone: (321) 269-6833
danfaherty@hotmail.com
cguntner@ctrfa.com